Taylor, Chief Justice.
The recital in the condition Of the bond is sufficient to show that the defendant was apprised of the purpose for which it was given, viz. to obtain a stay of the proceedings which had been had against the principal in the County Court. The stay was obtained, the cause was reheard in the Superior Court, the judgment affirmed, and the question arising on this record is, whether file words of the condition, viz. « shall make his personal appearance before the judge of the Superior Court, and then and there abide by, and stand to, the judgment of the Court,” impose upon the defendant an obligation to pay the amount of the sum recovered. Had the bond been made payable to the plaintiff in the judgment, I suppose that, according to the principle of Rhodes v. Vaughan, (2 Hawks 167.) the bond would have been sufficient, although slightly variant from the'words of the act relative to appeal bonds; because the law prescribed the responsibility of the obli-, gors in the bonds taken to prosecute appeals. And, indeed, it has been repeatedly decided, that if an appeal bond substantially, though not literally, provided for the objects required by law, it should be supported. This* however, must be considered as a voluntary bond, and must stand or fall by its own strength or weakness. By. the words “ make his personal appearance/* the parties, must have understood, that the defendant should attend, Ctmrt by himself, or attorney, and prosecute the *348 rari. One of the senses in which the word “abide” k u'se'd is, “ to bear or support the consequences of a thing;” and had it been used without the adverb “ by,” it might jje C011()trued that he would bear the consequences of the judgment rendered in the Superior Court. Succeeded-by the adverb, it gives it something of an active signification and imports not merely that he would suffer or bear the consequences of the judgment, but that he would likewise defend, and support, and maintain it; all partaking of the primary sense of the word, “ a firm and steady continuance.” A person who shall promise to abide by a judgment, would break his promise by refusing to pay it. To “ stand to,” in common acceptation, signifies to remain fixed in a purpose, to abide by a contract or assertion. But in legal parlance, it has obtained, by long usage, an active and efficient meaning, and imports an act to be done by the party. Thus, if the condition of a bond be “that I shall stand to the award of J. S., and he doth award me to pay 201. to W. S. by such a day, and on the day I do tender him the 201. but he doth refuse it; in this case I have sufficiently performed the condition, and the obligation is saved. So again, “ if the condition be that I shall stand to the award of J. S., and he award that I shall enter a retraxit in a suit depending between me and the other party, and I do not so, but am nonsuit, or do discontinue my suit; this is no good performance of the condition.” ( 1 Shep, Touch. 37.5.) Awards and judgments bear so near a resemblance to each other, that a bond conditioned to “ stand to” one, could not reasonably bear a different construction from a bond conditioned to “ stand to” the other. When, therefore, I test the signification of the terms used in the condition of this bond, either by their general acceptance in common speech, or by their strict technical meaning in the language and understanding of lawyers, I cannot escape from the conviction, that they bind the defendant to pay the amount of the judgment. For I find it laid *349 down in the best authorities, that although the condition of a bond when it is doubtful, shall be taken most favour-ably for the obligor, for whose advantage it is made, and most strongly against the obligee; yet that a reasonable and equal construction shall be made, according to the intention of the parties, although the words tend to a contrary understanding. {Dyer. 14. 52.) My opinion consequently is, that the judgment ought to be affirmed.
Hall, Judge.
The act of 1777, New Eev. ch. 15. sec.. 75. directs that when appeals are taken from the County to the Superior Courts, bonds shall be given to prosecute such appeal with effect, and to perform the judgment, sentence or decree of the Superior Court. The act of 1810, New Eev. ch. 793. directs that when certioraris are directed to the County Courts, the clerk of the Court is directed to take security in the same manner and under the same regulations that security is taken in appeals from the County to the Superior Courts. It is to be observed, that these acts point out no form in which appeal bonds are to be taken; and if the bond taken is substantially good, it is sufficient. The question is, whether the words abide by and stand to the judgment, &c. are equivalent to the word perform the judgment. The act which required the bond to be given, pointed out the liability to which the security was about to subject himself, and he understandingly undertook that the defendant should pay the debt, when he undertook that he should abide by and stand to the judgment which should be given. What are the injunctions of the judgment? That the defendant shall pay to the plaintiff so much money; and it cannot be said, as I think, that he abides by and stands to the judgment without doing it. The word “perform” is one of stronger and more active import; but although it is said in the schools, that no two words have precisely the same meaning, yet in common life and in common parlance we know there- are various words used as substan*- *350 tially meaning the same thing. It is said the defendant is a security, and the bond should be strictly construed m his favour. It is true he is so, and puts no money m ys pocket; but the consideration is that, by becoming security, he deprived the plaintiff of the judgment he had in the County Court, and thereby jeopardized the debt.A loss to one party is equivalent to gain to another.
But it is said that this defendant has stipulated that the defendant shall make his personal appearance, abide by, &c., and that he is bound only as bail for his appearance, and not for the debt. In this view of the case, the whole burthen of the obligation rests upon the word appearance; and if the defendant is received merely as bail for his appearance, the words abide by and stand to the judgment which the Court shall give, are inoperative. - But this construction of the words is contrary to the meaning of the legislature when they directed security to be taken. But if by any fair construction of the bond we can make it harmonize with their meaning, I think we ought to do so. It is for this reason that I consider the words abide by and stand to as more operative than the words make his personal appearance. But take the words altogether, that he is to make his personal appearance, abide by and stand to the judgment which the Court pronounces, I think their meaning is, that he shall perform the judgment. But it is said, this bond was not given as the law directs; it should have been given to Miller instead of Molton. That is true; but if the bond was given bona fide, as I believe it was, although given to the wrong person, it was given for the same purpose, the same consequences follow. It answered the same purpose in removing the suit by certiorari to the Superior-Court, as if it had been given in any other way. The act of 1818, JYew Rev. ch. 962. sec. 4. directs, in case of appeals to the Supreme Court, bond shall be taken to abide the judgment of the Court, and that such bond shall be proceeded on in the same way as in case of appeals from *351 the County to the Superior Court; that is, that the security shall be answerable for the debt, if the defendant does not pay it: so that it appears in this case that the obligatory paid of this bond is not so strong as the one under consideration. I am of opinion that judgment, should he given for the plaintiff.