## FOWLER vs. THORN & WILSON.

When a party obtains judgment in the Circuit Court, his adversary is, of right, entitled to a writ of error, but not to stay of execution, unless he enters into recognizance, under the statute, conditioned that he will prosecute such writ with effect, and pay the money adjudged against him by the Supreme Court, or otherwise abide its judgment.

The recognizance is to secure the debts, damages, and costs, in both courts.

The words "prosecute his writ with effect" mean, that, if he fails, the recognizance will pay the money for his failure.    It binds them to pay the money adjudged against him in the Supreme Court, or otherwise abide its decision.    It is the same thing, whether this Court adjudges the money against him, or orders the Circuit Court to adjudge it. He is bound to abide its judgment, and, of course, the legal consequences of that judgment.

DEBT, on recognizance, determined in Pulaski Circuit Court, in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges.    Fowler alleged, in his declaration, that Wilson, with Thorn as his security, entered into recognizance to him, in the Supreme Court, in the sum of fifteen hundred dollars, in a case in error there pending, upon a judgment obtained by Fowler, against Wilson, in Pulaski Circuit Court, conditioned that Wilson would prosecute his writ of error with effect, and pay the money that might be therein adjudged against him by the Supreme Court, or otherwise abide the

Fowler *vs.* Thorn & Wilson.

judgment of the Supreme Court; that Wilson did not prosecute his writ of error with effect, but, on the contrary, the judgment was *affirmed*, with costs, amounting to $17 46¼ cents; that the original judgment was for damages $1000, and costs $21 53 cents. The breach alleged was, that Wilson and Thorn had not paid the damages, or any of the costs, on the penalty of the recognizance.

The defendants demurred, for insufficiency of the breach, and because the declaration did not aver that the Supreme Court awarded any damages. Demurrer sustained, and judgment for defendant. The case came up on error.

*Fowler*, in pro. per.

*Hempstead & Johnson*, contra.

*By the Court,* LACY, J.

The recognizance is taken in compliance with the statute, and the declaration properly negatives its condition. The inquiry now is, what is the obligation of the parties entering into such recognizance?

The meaning and objects of the act, as well as its express words, are clear and explicit. Whenever a party has obtained a judgment in the Circuit Court, his adversary is entitled, as a matter of right, to a writ of errror; but he will not be permitted to stay the execution, unless, in accordance with the provisions of the statute, he secures the payment of such judgment by entering into a recognizance, " conditioned that the plaintiff in error will prosecute such writ with effect, and pay the money adjudged against him by the Supreme Court, or otherwise abide its judgment." These are its express words. That the recognizance is to secure the debt, damages, and costs, that have been recovered by the judgment complained of, both in the Circuit and Supreme Courts, cannot be doubted. Its language could not be more explicit; for, if it does not mean that he is bound to pay the debt, damages, and costs, in both courts, then we are at a loss to conceive the object and intention of the act. Again, it is declared that the condition of the recognizance is, that the plaintiff in error shall prosecute his writ with effect. What is the meaning of the term " prosecute his writ with effect?"

It certainly denotes and expresses, that he will succeed in the action, and that, if he does not, they will pay the money for his failure. The latter clause of the sentence binds them to pay the money that may be adjudged against him in the Supreme Court, or otherwise abide its decision. If there could be any doubt before, as to what is the true meaning of the terms, then these latter expressions wholly free the subject from all doubt and uncertainty.

The defendants in error expressly stipulate to pay the money that the Supreme Court may adjudge against the principal in the recognizance, or that he shall abide its judgment. Now, it is the same thing whether this Court adjudges the money against him directly, or orders the Circuit Court to adjudge it. Besides, he is bound to abide its judgment, and of course the legal consequences that follow the judgment. Whether the Supreme Court enters the judgment itself, or directs its judgment to be entered up by the Circuit Court, is a matter of no moment.

Judgment reversed.