## WOOLFOLK v. JONES.

### (District Court, E. D. Virginia. August 6, 1914.)

1. INJUNCTION (§ 235*) — EXTENT OF LIABILITY ON BOND — CONDITION "TO ABIDE THE DECISION OF THE COURT."

The use of the words "to abide the decision of the court" in the condition of an injunction bond required by a federal court, unless the injunction is to restrain enforcement of a judgment or decree of a court, does not bind the obligors to pay a judgment that may be rendered against complainant on the merits of the case, in the absence of proof showing the loss of the debt as the result of the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 529–537; Dec. Dig. § 235.*]

2. INJUNCTION (§ 239*)—LIABILITY ON BOND—DAMAGES AND COSTS.

Complainant secured an injunction restraining defendant from prosecuting two actions at law against him on the ground that he had an equitable defense, and on the giving of a bond conditioned that he "shall abide the decision of said court and pay all damages and costs which shall be adjudged against him in case said injunction shall be dissolved." The controversy was tried on the merits in the equity suit, resulting in a money decree against complainant, who proved insolvent. Held, that the surety on his bond was not bound for the payment of such decree, but that under the provision for "damages and costs" defendant was entitled to recover on the bond interest on the amount of the decree during the time recovery was delayed by the granting of the injunction and the costs incurred in the trial of the suit, which were largely in excess of what they would have been in the actions at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 542, 543; Dec. Dig. § 239.*]

3. INJUNCTION (§ 239*)—LIABILITY ON BOND—COSTS.

An injunction bond in a federal court, conditioned that the principal shall abide the decision of the court and pay all damages and costs which shall be adjudged against him in case the injunction shall be dissolved,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inures to the benefit of a master and stenographer in whose favor costs are adjudged against such principal, and it is immaterial that the defendant only is named as obligee.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 542, 543; Dec. Dig. § 239.*]

4. INJUNCTION (§ 239*)—LIABILITY ON BOND—ACCRUAL OF LIABILITY—DISSOLUTION OF INJUNCTION IN PART.

Where an injunction restraining the prosecution by defendant of two actions at law was, on final hearing, dissolved as to the principal one of such actions, but not as to the other, and on such hearing there was a substantial recovery by defendant on the merits, the fact that the injunction was not entirely dissolved does not discharge the surety on the bond from liability.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 542, 543; Dec. Dig. § 239.*]

In Equity. Suit by Joseph W. Woolfolk against John T. Jones. On petition by defendant and others for decree against complainant and the surety on his injunction bond. Petition granted in part.

The defendant John T. Jones instituted in the law and equity court of the city of Richmond, against the complainant Joseph W. Woolfolk, two actions at law, one to recover $10,000, and the other $25,000, which suits were by appropriate proceedings removed into this court. Before trial, the complainant Woolfolk filed his bill in this cause, seeking to enjoin the prosecution of the two suits at law on the ground, among others, that it was impossible for him to make defense at law, and averred and charged that the defendant Jones was largely indebted to him. This court, before hearing the suits at law, on the 15th day of June, 1912, granted the injunction prayed for, and on the 22d day of June, 1912, the cause was referred to a master to inquire and report as to plaintiff's indebtedness to the defendant Jones, by reason of the alleged contracts set forth in the declarations in the two common-law suits, and in the bill and proceedings mentioned, and also of the amount of damages, if any, the complainant was entitled to recover from the defendant Jones, by reason of the facts and transactions set up in the bill, and said special master was authorized to inquire and report as to any other matters by him deemed pertinent, or which he might be required by any party in interest to report on. The cause was regularly proceeded with before the special master, running through the summer and fall of 1912, and a great mass of testimony taken, and upon being finally argued and submitted, the special master, on the 25th day of February, 1913, filed an elaborate report stating his conclusions of the law and findings of fact, the substance of which was that the defendant Jones was entitled to recover nothing on the contract in the $10,000 suit, and that he was not entitled to recover on the contract in the $25,000 suit, but that, by reason of certain transactions in connection with the sale of the real estate under the contract set forth in the second suit, he was entitled to recover $8,651.16. To this report exceptions were taken by the defendant, and by decree entered on the 23d day of October, 1913, the same were overruled as to the common-law suit to recover $10,000, and the prosecution of the same permanently enjoined, and a decree of $25,000 upon certain conditions with which the defendant Jones has complied, entered in favor of the defendant against the plaintiff, growing out of the transactions set forth in the second suit, with interest from the 14th day of March, 1910, instead of the sum of $8,651.16 allowed by the special master. The court further adjudged costs in favor of the defendant against the plaintiff, Woolfolk, and by subsequent order on the 26th day of November, 1913, decreed against said complainant in favor of Henry R. Miller, special master, in the sum of $2,500, and in favor of O. Raymond Brown, stenographer, in the sum of $310.15. Upon the decree in favor of said John T. Jones, execution was duly issued and returned no effects, and the said Henry R. Miller and O. Raymond Brown have each been unable to

realize anything on account of the decree against said Woolfolk; he appearing to be utterly insolvent.

At the time of granting the injunction on the 15th of June, 1912, the court required the complainant to enter into bond within five days from the date thereof, in the sum of $10,000, with surety to be approved by the court or the judge thereof, conditioned according to law, which bond was, on the 17th day of June, 1912, duly executed by the complainant, Woolfolk, payable to the defendant John T. Jones, with the American Surety Company of New York as his surety, upon the following condition: "Now, therefore, if the said Joseph W. Woolfolk shall abide the decision of said court, and pay all damages and costs which shall be adjudged, against him because of the granting of said injunction in case said injunction shall be dissolved, then this obligation shall be void; otherwise to remain in full force and virtue." Subsequently the defendant Jones, and Messrs. Miller and Brown, being unable as aforesaid to realize anything upon the decree in their favor against said Woolfolk, each presented petitions in this cause, asserting a liability under the injunction bond against said Woolfolk and the surety thereon, the contention of Jones being, in effect, that he is entitled to a decree against the principal and surety for the face value of said bond, since the same was executed in his name and to abide the order of the court, and the said Miller and Brown that they, whether said Jones was entitled to recover on said bond or not, were entitled to recover the amount due them for costs, and if said Jones was entitled to recover on his theory of the bond, that nevertheless the sum thus decreed to be paid to him should be applied first to the payment of costs of the inquiry in which he and Woolfolk were jointly interested. The American Surety Company denied all liability to either Jones or Miller and Brown by virtue of said bond, and insisted that no damages were properly recoverable upon the dissolution of the injunction.

Munford, Hunton, Williams & Anderson, of Richmond, Va., for Woolfolk.

George L. Christian and Marshall M. Gilliam, both of Richmond, Va., for Jones.

Henry R. Miller, of Richmond, Va., for petitioners Miller & Brown.

Wellford & Taylor, of Richmond, Va., for American Surety Co. of New York.

WADDILL, District Judge (after stating the facts as above). Three questions are presented for the consideration of the court: First, what is the true meaning of the bond in question, and the liability of the surety thereunder to the defendant, Jones; second, whether the petitioners Miller and Brown are entitled to recover thereunder the amount of the costs, respectively, allowed in their favor, and set up by them in their petition; and, third, whether any recovery under the circumstances could properly be had upon the bond. These will be disposed of in the order named.

[1] 1. The defendant Jones insists that the fair interpretation and meaning of the words "to abide the order of the court" is in effect to perform, to execute, to conform to, and to pay such order, and he cites quite a number of authorities in support of his contention, among them, Molton v. Hooks, 10 N. C. 342; Fowler v. Thorn, 4 Ark. 208; Corson v. Tuttle, 19 Me. 409; Hodge and Wife v. Hodgdon, 8 Cush. (Mass.) 294; Erickson v. Elder, 34 Minn. 370, 25 N. W. 804; Jackson v. State, 30 Kan. 88, 1 Pac. 317; 1 Amer. & Eng. Ency. p. 192. While some of these decisions—and others may be found—give color to the contention of the defendant, none of them were in cases in-

volving injunction bonds, and it is not believed that any authority can be found sustaining the view that the use of the word "abide" in an injunction bond, unless to restrain the execution of a judgment or decree of a court, will be given the interpretation claimed for it, certainly to the extent of the payment of the debt in suit, in the absence of proof showing the loss of the debt as the result of the suit. This case, in the view of the court, must be determined in the light of the meaning of such language in injunction bonds taken by federal courts in cases not enjoining decrees or judgments. In granting an injunction in the federal court, the question of taking a bond or not, and the terms of such bond, is largely a matter of discretion with the court. Russell v. Farley, 105 U. S. 433, 437–439, 26 L. Ed. 1060; Meyers v. Block, 120 U. S. 206, 211, 7 Sup. Ct. 525, 30 L. Ed. 642; Foster's Fed. Procedure (5th Ed.) § 297, High on Injunctions, § 1566. Indeed, in the absence of a requirement of the bond by the court granting an injunction, damages are not recoverable at all, unless the institution and prosecution of the injunction proceedings be shown to have been malicious. The proper condition of an ordinary injunction bond in the federal court is "to answer all damages which the defendant * * * might sustain in consequence of said injunction being granted, should the same be thereafter dissolved." Bein and Others v. Heath, 53 U. S. (12 How.) 176, 13 L. Ed. 939; Meyers v. Block, supra, 120 U. S. 210, 212, 7 Sup. Ct. 525, 30 L. Ed. 642.

A careful consideration of the two cases last cited, make it entirely clear that injunction bonds to pay "such damages as may be sustained" do not mean to pay such sum as the court may decree to be paid on the merits of the case (certainly unless it can be shown that the collection of the debt was defeated in whole or in part by the delay caused by the injunction), but, on the contrary, cover only the damages and costs directly sustained as the result of suing out the injunction if the same should be dissolved.

The language "to abide the judgment of the court" in an injunction bond, while not generally used, is by no means new or unusual. Its insertion arises from the inherent power of the court in its discretion to grant or withhold injunctions, and to impose terms and conditions upon which the same may be either awarded or refused; that is to say, in granting to the complainant an injunction or withholding the same at the instance of the defendant, the court can impose such terms as will tend to secure the ends of justice. Russell v. Farley, 105 U. S. 438 et seq., 26 L. Ed. 1060, supra. The requirement, however, to abide the decision of the court ought not to be construed to afford any relief to which the party has not shown himself entitled, either under that or some other provision of the bond. The greatest latitude that should be given to the meaning of the particular words would be that which would enable the court to do justice between the parties litigant, and in the present case their use need be given but little added weight, so far as the merits of this case are concerned, the exact language of the bond being "to abide the decision of said court, and to pay all damages and costs in case the injunction be dissolved," etc. The ordinary use of the language "to abide the order of the court"

alone might be construed to mean as well the payment of damages and costs as the carrying out of a specific direction of the court regarding some collateral or incidental matter in the case. Here, however, nothing is actually sought to be decreed, not covered by the use of the language "damages and costs," unless the view be taken, which the court does not see its way clear to do, of interpreting the words to mean to pay the debt as on final determination on the merits. Such was certainly not the purpose of the court in taking the bond. The effort to have such a bond was urged at the time of granting the injunction, and refused because contrary to the ordinary condition of injunction bonds on suits of that character; and it is improbable that a bond for $10,000 would have been taken had the purpose been to meet the final judgment in a suit enjoining two actions at law, involving $35,000.

[2] Considering the damage which the defendant Jones is entitled to recover in this case, the conclusion reached is that, as no proof has been adduced of any actual loss in the collection of the principal of his debt by the delay from the injunction, the court can only award such damages as come within the term "damages and costs" in the bond, and that it cannot penalize the complainant Woolfolk in making allowances for aggravated interest in the premises, but for only such lawful interest as may have accrued by reason of the time consumed incident to the prosecution of the injunction suit, setting up a large indebtedness of $40,000, alleged to be due to the complainant, and the added costs imposed upon the defendant by the assertion of this claim, and in adopting that cumbersome and expensive method of ascertaining and enforcing the rights of the parties. This the court can do from an inspection of the record and its knowledge of the proceedings had in the cause, and accordingly allows the said Jones the sum of $1,835.33 on account of interest which accrued by reason of the delay in the entering of the decree in his favor, whereas a judgment at law would have been quickly had, such interest being at the rate of 6 per cent. per annum from the 1st day of August, 1912, to the 22d day of October, 1913, and the sum of $2,000 as costs incurred in connection with the expensive and serious litigation in which he was involved, by the complainant Woolfolk, in the injunction proceedings. The testimony before the special master covered 561 pages of typewritten matter, and the report of the special master 82 pages, and the taking of testimony and proceedings incident to the injunction before the master and before the court, and the reference, covered a period of over 18 months. These two amounts, aggregating $3,835.33, the court is satisfied is the least sum to which the defendant Jones is entitled, incident to damages and costs directly resulting from the issuing of the injunction against him, and for which he is entitled to a decree as well under the terms of the bond specifically providing for payment of damages and costs as under the provision to abide the decision of the court, as it would be inequitable, unfair, and unjust for him to be awarded a lesser sum.

[3] 2. Coming to the claims presented by the petitioners, Miller and Brown, one for services rendered by the special master appointed at the instance of the plaintiff Woolfolk, the obligor in the bond sued on, and the other for stenographic work before the special master, they

would seem to come within the plain terms of the bond given to cover damages and costs incident to the suing out of the injunction suit. Complainant sought the intervention of a court of equity to the end that there might be a full and complete inquiry, investigation, and determination in and of the several transactions set up by him in his bill against the defendant Jones, his claim being that he owed Jones nothing, and that the latter was indebted to him, and in this suit succeeded in having the prosecution of the suits at law enjoined. He executed the bond in suit conditioned to "abide the decision of the said court" and "to pay all damages and costs which shall be adjudged against him because of the granting of such injunction in case said injunction should be dissolved," and a most elaborate investigation was then entered upon at his instance. Clearly these claims come within the terms of the bond, and while primarily as between Woolfolk and Jones the former may owe the costs, and a decree may have been entered against him and not Jones for the amount of the two bills in question, still it does not follow that the bond given for costs will not inure to the benefit of the parties to whom the costs are due, if the principal in the bond, who is the complainant in the suit, fails to meet what is decreed against him as costs. There would seem to be no doubt about this proposition, unless it be the mere fact that the injunction bond is made payable to the defendant Jones, but that does not mean that only he can recover upon the bond, if the rights of others arising thereunder have not been satisfied. Its condition determines rights thereunder, and suit can be instituted in the name of the obligee therein for the benefit of persons whose rights arise under the same. The bond could as well have been taken in the name of the United States, or the clerk of the court, or in other names, or security taken in other ways, for instance, by stipulation, undertaking, or the mere deposit of cash or collateral (Hutchins v. Munn, 209 U. S. 246, 247, 28 Sup. Ct. 504, 52 L. Ed. 776; Allen v. Jones [C. C.] 79 Fed. 698; Foster's Fed. Prac., supra, § 297; Beach, Modern Equity Prac. §§ 768, 769; 1 Spilling on Injunctions, § 932), and in either event such bond or other security would inure to the benefit of those whose rights were intended to be protected thereby. The bond here, it will be observed, while made payable to the defendant Jones, was not conditioned to pay only such costs and damages as he, the defendant and obligee alone, might sustain, but "to abide the decree of the said court" and pay all damages and costs which shall be adjudged against the complainant and obligor Woolfolk, because of the said injunction, should the same be dissolved. Under this bond not only is Jones protected, but persons entitled to costs incurred as well, and therefore the petitioners Miller and Brown are entitled to recover under said bond for the costs claimed by them; all effort on their part to secure the amounts having proved unavailing against the principal therein.

[4] 3. The surety in the injunction bond insists that no recovery can be had thereon, inasmuch as the injunction was not wholly dissolved, that is to say, as to the $10,000 suit, and, moreover, because in awarding $25,000 to the defendant Jones, and dissolving the injunction in the second suit, certain conditions were imposed upon him respect-

ing the perfecting of the title to some of the property involved in the litigation, and counsel cite authorities in support of their view. Much thought has been given to this contention, and the conclusion reached by the court is that the same is not well taken, inasmuch as the suit in equity was a single suit in which Woolfolk, the obligor in the bond in which the surety joined, sought to enjoin the prosecution of two suits, one for $10,000 and the other for $25,000. He only succeeded in part, and the plaintiff in the common-law suit substantially prevailed in the litigation, and so far as the conditions imposed upon the right of the defendant Jones to recover the $25,000 are concerned, it was only because of formal and incidental matters regarding the titles, and he promptly complied with and conformed to the court's requirement in the premises.

It follows from what has been said that a decree may be entered against the defendant Joseph W. Woolfolk and the American Surety Company of New York under the injunction bond referred to, for the amounts heretofore ascertained, in favor of the defendant Jones for $3,835.33; to the petitioner Miller $2,500, and to the petitioner Brown $310.15. The decree in favor of said Jones should provide that any sums received by him on account of interest by way of damages under this decree should be credited on his judgment against Woolfolk in the equity suit.