## PRICE & LUCAS CIDER & VINEGAR CO. v. LUCAS, Collector, et al.

### No. 5637.

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1931.

Elwood Hamilton, of Louisville, Ky. (Oldham Clarke and Woodward, Hamilton & Hobson, all of Louisville, Ky., on the brief), for appellant.

E. E. Angevine, of Washington, D. C. (Thomas J. Sparks and Frank A. Ropke, both of Louisville, Ky., and C. M. Charest, of Washington, D. C., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

DENISON, Circuit Judge.

The question is whether the income tax assessment was made after the expiration of the applicable period of limitation. The return for 1919 was filed on March 14, 1920; the five-year period, as once extended, would expire March 14, 1926. September 5, 1925, the Commissioner sent the usual sixty-day letter, proposing the deficiency assessment now in controversy, and on October 23 the taxpayer appealed to the Board of Tax Appeals for a redetermination. November 4, 1925, waiver was executed. The extension provision is in these words: "This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said tax payer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board." January 25, 1927, the Board of Tax Appeals, reciting that the petitioner had moved to dismiss, thereupon ordered that the motion be granted and the proceeding dismissed, and fixed the amount of the deficiency at the sum which had been proposed by the Commissioner. The order became final, under the Board's rules, on February 24. On February 26, 1927, the Commissioner made the assessment. The tax payer, the present appellant, paid the tax, and brought this suit to recover.

The applicable statute is the Revenue Act of 1924. Section 277(a), 26 USCA § 1057 note, fixes the five-year period, while (b) provides that it shall be extended by sixty days if the notice of assessment has been given and there is no appeal; but that, if an appeal has been filed, then the extension is "by the number of days between the date of the mailing of such notice and the date of the final decision by the Board." The letter of this provision, in statute and in waiver, plainly extended the period from and after December 31, 1926, for the number of days between September 5, 1925, and February 24, 1927, being one year, four months, and twenty days, or until May 20, 1927. The assessment was therefore in time.

The appellant concedes this, as the literal application; but contends that it leads to the sometimes rather absurd result of extending the time for assessment months or years after the controversy has been settled by the Board of Tax Appeals or the Circuit Court of Appeals. It points out that the Act of 1926, § 277(b) (26 USCA § 1057 note), specifies that the assessment must be made within sixty days after the end of the appel-

late proceedings; and that, as there was no such sixty-day extension in the old law, it must be construed as requiring the assessment to be made before the order of the Board of Tax Appeals becomes final.

We do not deny the improbability that Congress, if its attention had been specifically attracted, would have intended to extend the assessment power for such long times as may sometimes develop under the literal construction of 277(b). Appellant's proposed alternative, that the assessment must be made on or before the day when the Board of Tax Appeals' decision becomes final, is perhaps equally improbable. At any rate, we find no sufficient justification for not interpreting the statute and the stipulation as they read.

The judgment is affirmed.