PACIFIC COAST STEEL CO. v. McLAUGHLIN.

No. 518. Argued February 15, 1933.—Decided March 13, 1933.

*Mr. George H. Koster,* with whom *Mr. Ralph W. Smith* was on the brief, for petitioner.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. Whitney North Seymour, Sewall Key, J. P. Jackson,* and *Wm. H. Riley, Jr.,* were on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

*McDonnell* v. *United States,* decided this day, *ante,* p. 420, involved the question of the effect of § 278 (e) on

assessment waivers where the period for assessment had expired before the effective date of the Act of 1924. This case involves the effect of that section on collection waivers where the period for collection had expired before the effective date of the Act of 1924, but where the assessment had been timely and before the Act.

On May 13, 1929, Pacific Coast Steel Company brought this action in the federal court for northern California, to recover the amount paid as additional income and excess profits taxes for the year 1917. The return for that year was made, and the tax thereby shown to be due was paid, on March 30, 1918. On December 9, 1922, the Commissioner of Internal Revenue determined a deficiency of $257,443.30; and on February 9, 1923, he assessed that amount against the plaintiff. Thus the assessment was made within five years from the date of the filing of the return and before expiration of the period allowed therefor by § 250 (d) of the Revenue Act of 1921. Thereafter, by proceedings in the Bureau, the amount of the claimed deficiency was reduced to $129,-920.06 through credits of overpayments of other years. For that amount the Commissioner made demand on July 16, 1927; that is, more than five years after the date of the taxpayer's return, in 1918. The Government relied, as extending the period for collection, upon a waiver given on December 7, 1925; that is, more than five years after the return.

The District Court, without opinion, entered judgment for the defendant. The Circuit Court of Appeals held that the waiver, though in terms extending the time for assessment, was effective to extend that for collection; and that the waiver was valid under § 278 of the Revenue Act of 1924. The judgment of the District Court was accordingly affirmed. 61 F. (2d) 73. This Court granted certiorari, " limited to the question of the effect of section 278 (e) of the Revenue Act of 1924." 287 U. S. 595.

The petitioner contends that clause (2) of paragraph (e) of § 278, which states that the section shall not " affect. any assessment made, or distraint or proceeding in court begun, before the enactment of this Act," renders para- graph (c) inoperative in the case at bar; that the waiver therefore had no statutory authority and was of no effect. The Government insists, in answer to this contention, that even if clause (2) thus qualifies paragraph (c),[1] the waiver is nevertheless valid either without express statutory au- thority or under the authority of the Revenue Act of 1921, § 250 (d),[2] which, it is argued, remained in force by virtue of § 1100 (d) of the Act of 1924.[3] We do not pass upon this contention of the Government; for we are of opinion that paragraph (c) is not rendered inoperative by clause (2) of paragraph (e).

The meaning of clause (2) was considered in *Russell* v. *United States,* 278 U. S. 181. It was there pointed out

---

[1] "(c) Where both the Commissioner and the taxpayer have con- sented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon." Act of June 2, 1924, c. 234, § 278 (c), 43 Stat. 253, 300.

[2] "(d) . . . the amount of any such taxes due under any return made under this act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, . . . shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determi- nation, assessment, and collection of the tax; . . ." Act of November 23, 1921, c. 136, § 250 (d), 42 Stat. 227, 265.

[3] "(b) The parts of the Revenue Act of 1921 which are repealed by this Act shall (except as provided in sections 280 and 316 and except as otherwise specifically provided in this Act) remain in force for . . . the assessment and collection, to the extent provided in the Revenue Act of 1921, of all taxes imposed by prior income, war-profits, or excess-profits tax acts, and for the assessment, imposition, and collec- tion of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes. . . ." Act of June 2, 1924, c. 234, § 1100 (b), 43 Stat. 253, 352.

that the distinction in the Act of 1924 between existing and subsequent assessments derived significance from the contemporaneous creation of the Board of Tax Appeals. Assessments made after June 2, 1924, " generally at least, if objected to, could not be made without assent of the Board. To secure proper action by the Board might require considerable time, and this was provided for by extending the limitation to six years after assessment." 278 U. S. at 186. Where an assessment was made before the Act, the reason for the extension did not exist. In the case of waivers, no such considerations exist to indicate that Congress intended to distinguish between assessments made before and those made after the Act. It was held in the *Russell* case that to apply paragraph (d), extending the period for collection to six years after assessment, to an assessment made before the Act, would " affect " that assessment, and hence was forbidden by clause (2) of paragraph (e). Such an application, it was said, " would be retroactive; and certainly it would produce radical change in the existing status of the claim against the petitioners—would extend for some five years a liability which had almost expired." 278 U. S. at 187. In the case at bar no such effect follows upon a recognition of the waiver. The claim against the petitioners was barred, it is true, at the time of the enactment of the 1924 Act; but even before the Act the claim was subject to revival by waiver of the statute of limitations. We are of opinion, therefore, that paragraph (c) does not " affect " the assessment in the case at bar so as to be rendered inoperative by clause (2) of paragraph (e).

There remains the question of the effect of clause (1) of paragraph (e), which provides that § 278 shall not authorize an assessment or collection already barred at the effective date of the 1924 Act. This is the same question considered in the *McDonnell* case, *ante*, p. 420, with respect to assessment waivers, and for the reasons there

stated we hold that the clause does not impair the validity of the waiver here involved.

*Affirmed.*