## UNITED STATES v. HEINRICH.
### No. 365.

Circuit Court of Appeals, Second Circuit.
April 30, 1934.

John T. Walsh, of Buffalo, N. Y., for defendant-appellant.

Frank J. Wideman, Asst. Atty. Gen., Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and Sewall Key and William B. Waldo, Sp. Assts. to Atty. Gen., for the United States.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought under section 274 (b) of the Revenue Act of 1924 (26 USCA § 1049 note), to recover a deficiency in income taxes. The defendant is the executrix and sole beneficiary under the will of Samuel G. Heinrich, who was a resident of the Western district of New York at the time of his death on March 26, 1919. He filed his income tax return for the year 1918 without including certain income received as a member of a partnership. The Commissioner determined and assessed a deficiency of which the defendant was given notice on January 16, 1925. On her petition for redetermination, the Board of Tax Appeals held that a waiver she had executed after the statutory period of limitation on assessment had run was invalid and consequently disallowed the deficiency. Then this suit was brought.

The only issues on this appeal relate to the validity of this waiver. In it Mrs. Rose B. Heinrich, executrix estate of Samuel G. Heinrich, is set up as a party to the waiver. It was signed by Rose B. Heinrich and also in behalf of the Commissioner. It is now claimed that this signature is not sufficient to bind the estate since it is not signed by the executrix in her representative capacity. This contention need not detain us long. The waiver has reference only to the 1918 tax and the body of the instrument shows beyond question that the 1918 tax of the decedent was the only tax involved. No tax of Rose B. Heinrich was in controversy so far as the record shows and the clear intention of the parties was to execute a waiver as to this tax to which the statute of limitations otherwise would apply. This being plain, it would be shocking to believe that the parties were subscribing to no more than a meaningless form. The evident purpose of the waiver as intended by the parties is to be given effect. United States v. Southern Lumber Co. (C. C. A.) 51 F.(2d) 956, 960.

Another claimed infirmity in the waiver is based on the idea that under the laws of New York an executrix has no power to bind the estate by waiving the bar of the statute of limitations. This rule, however, does not extend to the act of an executrix who is also the sole beneficiary. She does have the power to waive the bar. Spicer v. Raplee, 4 App. Div. 471, 477, 38 N. Y. S. 806; Matter of Miles' Estate, 33 Misc. 147, 68 N. Y. S. 368; Id., 61 App. Div. 562, 71 N. Y. S. 71; Id., 170 N. Y. 75, 62 N. E. 1084.

The final point raises the validity of such a waiver as this executed after the statute of limitations had run. This position of the defendant would be sound under our decision in Uncasville Mfg. Co. v. Commissioner (C. C. A.) 55 F.(2d) 893. But in McDonnell v. United States, 288 U. S. 420, 53 S. Ct. 410, 77 L. Ed. 869, it was held that section 278 (e) of the Revenue Act 1924 (26 USCA § 1062 note) was not to be so construed. This being so, the waiver was valid. See Pacific Coast Steel Co. v. McLaughlin, 288 U. S. 426, 53 S. Ct. 422, 77 L. Ed. 873.

Judgment affirmed.