**UNITED STATES of America,**
**Plaintiff,**

v.

**Benjamin FINE, a/k/a Ben Fine, a/k/a**
**Ben Fein, Defendant.**

United States District Court
S. D. New York.
March 3, 1965.

Robert M. Morgenthau, U. S. Atty., New York City, for Southern District of New York, for plaintiff. John R. Horan, Asst. U. S. Atty., of counsel.

Milton Gerber, New York City, for defendant.

CROAKE, District Judge.

## MEMORANDUM

This is an action brought by the United States against a taxpayer for an adjudication that the defendant is liable to the Government for unpaid taxes, penalties and interest in the amount of $61,986.07; and, further, that the United States has a lien on all of the property of defendant for said amount.

The defendant, Benjamin Fine (hereinafter Fine), in this application moves to strike the second claim of the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The second claim seeks the afore-described adjudication with respect to penalties in the amount of $33,460.66, plus interest assessed against the taxpayer on January 29, 1958. Fine contends that the second claim is barred by the statute of limitations because this suit was not commenced within five years from the

date the claim for penalties first accrued. 26 U.S.C. § 6533(1); 28 U.S.C. § 2462.[1]

The plaintiff admits that this action was not commenced within five years from the date the penalty accrued but urges that the Government has complied with the applicable statute of limitations by instituting this proceeding within six years from the date the aforesaid penalties were assessed against the taxpayer. 26 U.S.C. § 6502(a).[2] We do not agree with this contention. 26 U.S.C. § 6502 (a) limits the time in which a lien created by a tax assessment may be enforced by means of either a direct levy or by court proceedings. The second claim in this action merely seeks an adjudication creating a lien which the Government already has by administrative action.[3]

In the absence of any other controlling provision, the five year limitation set forth in 28 U.S.C. § 2462 is applicable.[4]

For the foregoing reasons the motion of the defendant to strike the second claim is granted.

Settle order.

## On Motion to Reargue

This is an action wherein the Government seeks to reduce to judgment its assessment against the defendant for certain taxes and penalties due under the Internal Revenue Code. The defendant heretofore moved to dismiss the "second

1. (1) For period of limitation in respect of civil actions for fines, penalties, and forfeitures, see section 2462 of Title 28 of the United States Code.

2. "(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
"(1) within 6 years after the assessment of the tax, or
(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such

6-year period, then before such release).
"The period so agreed upon may be extended by subsequent agreement in writing made before the expiration of the period previously agreed upon."

3. 26 U.S.C. §§ 6321, 6322, 6331.

4. "§ 2462. Time for commencing proceedings. Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

claim" of the complaint contending that it was barred by the statute of limitations. This court, by memorandum decision dated December 15, 1964, agreed with the contentions of the defendant and granted the motion pursuant to which the judgment was duly entered. The plaintiff has moved to reargue and, for the first time, brings to the attention of the court certain decisions which support its position.

In Section 276(c) of the Internal Revenue Codes of 1936 and 1939, there appears language almost identical to that of 26 U.S.C. § 6502(a) of the Internal Revenue Code of 1954, as amended.[1] It has been held that the former provision of the Code permitted the Government to bring an action to reduce an assessment to judgment within six years from the date of the assessment. United States v. Havner, 101 F.2d 161 (7th Cir. 1939), reversing 21 F.Supp. 985 (S.D. Iowa 1937), and it has been further held, pursuant to the language contained in said § 276(c) that upon the entry of such a judgment and the expiration of the six-year period subsequent to the date of the assessment, the claim of the United States thereby becomes subject solely to the statute of limitations which is applicable to the judgment so entered. Hector v. United States, 255 F.2d 84 (5th Cir. 1958); and United States v. Saslovsky, 160 F.Supp. 883 (S.D.N.Y.1955).

The court is necessarily sympathetic to the position of counsel for the defendant that 26 U.S.C. § 6502(a) was, as contended, meant to be a statute of repose and that all ambiguities in the Internal Revenue Code should be resolved in favor of the taxpayer. However, the court is constrained to take into consideration that many United States courts since 1939 have sustained the position of the Government herein and in reliance upon those decisions the Government, as a matter of practice over the years, has followed the procedure it has used in the instant case. Furthermore, as stated above, § 276(c) of the Internal Revenue Codes of 1936 and 1939 has been interpreted by the court in the United States v. Havner, supra, so as to permit an action such as the one with which we are concerned. Nevertheless, Congress, with apparent knowledge of the aforesaid decision, adopted almost the identical language in 26 U.S.C. § 6502(a) as is contained in § 276(c). See footnote 1, supra.

When it has been brought to the attention of a court that it was in error in making a determination and it is given the opportunity to reexamine its decision and it is then determined that a different conclusion should have been reached, the court has an obligation to change its decision.

The motion to reargue is granted, and upon reargument the memorandum decision of this court, dated December 15, 1964, is amended and the motion of the defendant to dismiss the "second claim" of the plaintiff is denied, and the judgment heretofore entered in pursuance to said memorandum decision will be vacated and set aside.

Settle order consistent with the foregoing.

1. 26 U.S.C. § 6502(a) provides as follows: "Length of Period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by *levy* or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 6 years after the assessment of the tax, or"

Section 276(c) of the Internal Revenue Codes of 1936 and 1939 provides as follows: "(c) Collection after assessment. Where the assessment of any income tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by *distraint* or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, * * *" (Emphasis added.)