**CHURCHILL FARMS, INC., Plaintiff,**

v.

**William A. ORR, Acting Director of Internal Revenue, District of Louisiana, Defendant.**

**Civ. A. No. 70–3140.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 18, 1971.

Cecil M. Burglass, Jr., New Orleans, La., for plaintiff.

Don A. Richard, Asst. U. S. Atty., for defendant.

RUBIN, District Judge:

By motion to dismiss and, alternatively, for summary judgment, the United States seeks to dispose of a unique proceeding brought against it by a taxpayer. The motions are well founded.

These facts are undisputed: On March 25, 1970, the Tax Court held both plaintiff and another taxpayer liable for the personal holding company tax imposed under Sections 541–547, Internal Revenue Code of 1954. (26 U.S.C. Secs. 541–547). Both taxpayers filed notices of appeal to the Fifth Circuit Court of Appeals, but neither filed the bond required by IRC Section 7485. Therefore on October 13, 1970, the Commissioner notified both that, since no supersedeas

bond had been posted, he intended to enforce collection of the tax after November 13, 1970. On November 2, both taxpayers asked the Fifth Circuit to restrain the Commissioner from collecting the tax. Without awaiting action by the Fifth Circuit, Churchill Farms filed this suit on November 4th seeking an order compelling the Acting District Director of Internal Revenue to perform certain statutory duties. The effect would be indirectly to order the Director not to collect the tax until the appeal is decided. Thereafter, on November 12, the Fifth Circuit denied the stay order. The appeal, however, has not yet been acted on.

This complaint seeks the relief denied by the Court of Appeals. To the extent the judgment by the Fifth Circuit was based on the issues here sought to be raised, this suit is precluded by res judicata. To the extent the Fifth Circuit's judgment was based on some other thesis, this suit merely seeks to relitigate what was actually determined and is barred by collateral estoppel. Lawlor v. National Screen Service Corp., 1955, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122. See also Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898.

It may be suggested that the petitioner now seeks some relief pending appeal other than that decreed by the Fifth Circuit.

Rules 13 and 14 of the Federal Rules of Appellate Procedure deal with appeals from Tax Court decisions. Rule 14 explicitly declares Rule 8 of the Federal Rules of Appellate Procedure, dealing with stays from district court decisions pending appeal, inapplicable. The reason is evident upon examination of IRC Section 7485, which provides that review of Tax Court decisions "shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court" unless a petition is timely filed and a bond is filed with the Tax Court. For this court to intervene in an appeal from

the Tax Court to the Circuit Court of Appeals would clearly be extrajurisdictional meddling.

Review of the Tax Court's decision rests exclusively with the Courts of Appeals. IRC Section 7482; United States ex rel. Denholm & McKay Co. v. United States Board of Tax Appeals, 1942, 75 App.D.C. 195, 125 F.2d 557, 558; Baglivo v. Commissioner, E.D.Pa.1964, 235 F.Supp. 493. These courts alone have jurisdiction over interlocutory questions arising pending an appeal. Appeal from the Tax Court's decision, whether masked as a petition for mandamus or in some other form, is not to this court. Sprague Electric Co. v. Tax Court of the United States, D.Mass.1964, 230 F.Supp. 779, affd. 1 Cir. 1965, 340 F.2d 947. And however the effort to get it to do so is labelled, this court certainly has no jurisdiction to review the Fifth Circuit's action in denying a stay of collection attempts pending appeal.

For these reasons the motion for summary judgment is granted.