**Lucille P. KAHN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 33, Docket 78–6052.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 10, 1978.

Decided Dec. 28, 1978.

Theodore H. Friedman, Arum, Friedman & Katz, New York City (David G. Miller, New York City, of counsel), for appellant.

William C. Ballaine, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, of counsel), for appellee.

Before LUMBARD, MANSFIELD and OAKES, Circuit Judges.

OAKES, Circuit Judge:

Incredibly enough, this case involves an income tax deficiency assessed against appellant and her late husband for calendar

year 1943. Not so surprisingly, however, the appeal involves the statute of limitations and more particularly the question whether the statute, in this instance on collection rather than on assessment, has been tolled.

The district court held that the statute of limitations had been tolled and consequently entered a judgment denying a refund sought under 28 U.S.C. § 1346(a)(1). We agree with the United States District Court for the Southern District of New York, Robert J. Ward, Judge, and we affirm the judgment below.

Appellant and her late husband, David E. Kahn, filed a joint return for calendar year 1943. Thereafter the Internal Revenue Service (IRS) determined that there was a deficiency of $33,096.08 due because of the disallowance of a claimed bad debt deduction. Thereafter appellant and her husband jointly petitioned the Tax Court to redetermine the alleged deficiency. On April 8, 1953, the Tax Court entered memorandum findings of fact and an opinion in favor of the IRS. 12 T.C.M. (CCH) 378 (1953). Appellant and her husband then filed a petition to review in the United States Court of Appeals for the Second Circuit. On September 22, 1953, the IRS assessed the disputed income tax deficiency, plus interest, against Mr. and Mrs. Kahn. It is not disputed that this assessment was proper under the applicable provision of the Internal Revenue Code of 1939; the IRS was authorized to make an assessment even pending appellate review when a taxpayer failed to file a bond securing the deficiency,[1] and no bond had been filed. On January 25, 1955, this court affirmed the Tax Court. *Kahn v. Commissioner,* 218 F.2d 822 (2d Cir. 1955).

Parenthetically it should be noted that two of the ways[2] in which the applicable six-year statute limiting the collection of an assessed deficiency[3] may be tolled are (1) waiver of the restrictions on assessment and collection, Int.Rev.Code of 1939, § 272(d), now I.R.C. § 6213(d); *see also* Int.Rev.Code of 1939, § 276(c), now I.R.C. § 6502(a), set out at note 3 *infra;* (2) if a mathematical error appears on the face of the return, Int.Rev.Code of 1939, § 272(f), now I.R.C. § 6213(b)(1) (a tentative carryback adjustment in excess of the overassessment attributable to the carryback is treated as a mathematical error, Int.Rev.Code of 1939, § 3780(c), now I.R.C. § 6213(b)(2)); (3) if the Commissioner makes a jeopardy assessment, Int.Rev.Code of 1939, § 273, now I.R.C. § 6861; (4) if the taxpayer is adjudicated bankrupt or is placed in receivership, Int.Rev.Code § 274, now I.R.C. § 6871; and (5) if the taxpayer does not file a bond in the Tax Court following its determination of a deficiency and pending an appeal to the court of appeals, Int.Rev. Code of 1939, § 1145, now I.R.C. § 7485(a), set out at note 1 *supra; see* text at note 7 *infra.* *See generally* 9 J. Mertens, *Law of Federal Income Taxation* § 50.34 (1977).

---

1. Int.Rev.Code of 1939, § 1145, now I.R.C. § 7485(a), provides:

   Bond to stay assessment and collection

   Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review [in the court of appeals] shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the [Tax Court] unless a petition for review in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer (1) on or before the time his petition for review is filed has filed with the [Tax Court] a bond in a sum fixed by the [Tax Court] not exceeding double the amount of the portion of the deficiency in respect of which the petition for review is filed, and with surety approved by the [Tax Court], conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or (2) has filed a jeopardy bond under the income or estate tax laws. If as a result of a waiver of the restrictions on the assessment and collection of a deficiency any part of the amount determined by the [Tax Court] is paid after the filing of the review bond, such bond shall, at the request of the taxpayer, be proportionately reduced.

2. There are in fact five ways in which the statutory timetable for assessment and collection after the taxpayer files an appeal with the Tax Court, *see* note 6 and accompanying text *infra,* may be altered: (1) if the taxpayer signs and files with the District Director a written

3. *See* Int.Rev.Code of 1939, § 276(c), now I.R.C. § 6502(a):

   Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing

by execution of a waiver[4] or (2) by the operation of § 277 of the Internal Revenue Code of 1939, now I.R.C. § 6503(a)(1), set out in the margin.[5] Although appellant, along with her husband, did sign waivers commencing on December 28, 1960, and extending the statute on collection until December 31, 1970, after her husband's death, only her husband signed the original waiver of September 14, 1959, which would have extended the statute until December 31, 1961. Thus, if the Government is to prevail, it must establish that the statute did not begin to run more than six years prior to December 28, 1960, i. e., before December 29, 1954. Appellant argues that the statute began to run as of the time the assessment was made on September 22, 1953. The IRS contends that the statute did not begin to run until after the decision of the Second Circuit Court of Appeals became final sometime after January 25, 1955. In the latter case the December 28, 1960, waiver would have been within the six-year period ending after January 24, 1961.

Appellant's principal contention is that the language in parentheses in old § 277, see note 5 supra, about the tolling of the statute—"(and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final)"—may not be read to apply to this case, a case in which no proceeding was placed on the docket of the Tax Court after assessment. Put another way, appellant argues that her pre-assessment petition could not "suspend" the statute of limitations, which had not yet begun to run when she filed her proceeding in the Tax Court because an assessment had not yet been made. Thus appellant concludes that once the IRS made its assessment in September 1953 nothing further remained to be done in order to make the statute run, and nothing was done to toll it. She suggests that if Congress had intended the parenthetical clause in the tolling statute to apply to pre-assessment proceedings, it could easily have referred to a deficiency which "is or has heretofore been placed" rather than, as it does, to one which "is placed" on the docket of the Tax Court. The district court, unable to accept an argument "based upon such semantic nuances in the face of the plain meaning of the [statute]," disagreed, as do we.

Almost from the beginning the Internal Revenue Code's treatment of statutes of limitation has been complex, with different statutes governing assessment and collection as well as penalties and the liability of transferees; with provisions for extending the limitations period as well as for shortening it; and with constant changes in the substantive provisions of the Code, not the statute of limitations, as errors of administration were uncovered or as Congress attempted to plug loopholes seemingly created by judicial decisions or to respond to different problems as they arose. See generally 10 J. Mertens, Law of Federal Income Taxation ch. 57 (1976). Nevertheless, under both the old Code and the current one there is a certain symmetry at least between the period of limitations and the assessment statute. Basically the IRS cannot assess a deficiency or begin any proceeding for its collection until it mails a notice of deficiency to the taxpayer and the deficiency period, now ninety days, former-

by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

4. Int.Rev.Code of 1939, § 276(c)(2), now I.R.C. § 6502(a)(2), set out at note 3 supra.

5. Int.Rev.Code of 1939, § 277, now I.R.C. § 6503(a)(1), provides:

Suspension of running of statute

The running of the statute of limitations provided in section 275 or 276 on the making

of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the [Tax Court], until the decision of the [Tax Court] becomes final), and for sixty days thereafter.

ly sixty, expires; or in the event that the taxpayer has within that ninety-day period filed a petition with the Tax Court, until the decision of the Tax Court becomes final. This was true under § 272(a)(1) of the 1939 Code; it is true today. I.R.C. § 6213(a).[6]

There were, however, exceptions to this basic symmetry; and, as might be supposed, their effect has been asymmetrical. One exception we have already mentioned; it is described in the collection limitation statute itself, Int.Rev.Code of 1939, § 276(c), now I.R.C. § 6502(a), *see* note 3 *supra,* in the case of written waiver executed within the six-year limitation period. *See generally* 9 Mertens, *supra,* § 49.139. As previously stated, that exception is not involved in this case except after December 28, 1960; because neither appellant nor the Commissioner questions its applicability thereafter, we need discuss it no further.

Another exception is in the case of a jeopardy assessment. The Commissioner may make a jeopardy assessment (1) before the IRS mails a notice of deficiency if he sends the notice within sixty days after the assessment, *Laing v. United States,* 423 U.S. 161, 170–71, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); Int.Rev.Code of 1939, § 273(b), now I.R.C. § 6861(b); (2) after the IRS mails a notice of deficiency, Int.Rev.Code of 1939, § 273(c), now I.R.C. § 6861(c); as well as (3) after the Tax Court renders its decision (although an assessment made at that time may be only for the amount of deficiency determined by the Tax Court and may not be made after the decision of the Tax Court has become final or after the taxpayer has filed a petition to review the

decision of the Tax Court). Int.Rev.Code of 1939, § 273(e), now I.R.C. § 6861(e). *See* 9 Mertens, *supra,* § 49.146–.148. It will be observed that under appellant's interpretation of the tolling statute, it would not toll a jeopardy assessment made after the taxpayer initiates a Tax Court action.

■ Our case involves a third exception, which applies when a taxpayer seeks appellate review of a Tax Court decision but does not file the appropriate bond. Int.Rev.Code of 1939, § 1145, now I.R.C. § 7485(a).[7] *See generally* 9 Mertens, *supra,* §§ 49.159, 50.-34(5). *See Churchill Farms, Inc. v. Orr,* 324 F.Supp. 713 (E.D.La.1971).

■ We believe that in these exceptional situations the IRS may make an assessment but that the Government may nevertheless have the benefit of the tolling statute. Although in the case of other statutes of limitation it may be argued that they should be construed liberally as statutes of repose, *Guaranty Trust Co. v. United States,* 304 U.S. 126, 136, 58 S.Ct. 785, 82 L.Ed.2d 1224 (1938); *see also Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 301, 67 S.Ct. 271, 91 L.Ed. 296 (1946), many courts have taken the view that limitations in the case of taxes will be strictly construed in favor of the Government. *E. g., Pacific Coast Steel Co. v. McLaughlin,* 61 F.2d 73 (9th Cir. 1932), *aff'd,* 288 U.S. 426, 53 S.Ct. 422, 77 L.Ed. 873 (1933); *see* 10 Mertens, *supra,* § 57.02. Whether this is a rule of construction that is entitled to general applicability may be questionable, but it has real merit when applied to an assess-

---

**6.** Int.Rev.Code of 1939, § 272(a)(1), now I.R.C. § 6213(a), provides in pertinent part:

If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with [The Tax Court of the United States] for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter

and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the [Tax Court], until the decision of the Tax Court has become final.

**7.** Under this statute, the Commissioner may even make a jeopardy assessment after the Tax Court decision although as noted above the Commissioner is limited to an assessment in the amount of the deficiency as determined by the Tax Court and cannot make the assessment after the taxpayer files a petition to review the decision of the Tax Court.

ment statute. There is a good, practical reason for assessment as soon as legally permissible under the 1939 Code because such action permits the IRS to obtain a statutory lien on all property and rights to property of a taxpayer. Int.Rev.Code of 1939, §§ 3655, 3670, now I.R.C. §§ 6303(a), 6321. Thus we should not adopt a rule that will require the IRS to delay in making assessments in order to get the longest collection period possible in cases that look as though they might otherwise approach the untolled six-year period of limitations. Moreover, there are limits on the IRS's ability to delay assessment; the Code provides for a period of limitation on assessment as well as on collection. *See generally* 10 Mertens, *supra,* § 57.04.

What little legislative history there is seems to bear out the Commissioner's interpretation of the tolling statute:

> It is specifically provided in section 277 that the limitation period shall be suspended, if any proceeding is placed on the docket of the Board [now the Tax Court] until the decision of the Board in respect thereof becomes final and for 60 days thereafter.

> This provision also takes care of any uncertainty as to the suspension of the statute where, after the decision of the Board, a petition for review is filed without the required bond.

H.Rep. No. 2, 70th Cong., 1st Sess. (1927), *reprinted in* J. Seidman, *Legislative History of Federal Income Tax Laws* 551–52 (1938). Appellant argues that the "in any event" language of § 277 was intended to ensure only that the running of the statute would be tolled if there was a technical defect in the petition or proceeding that may have deprived the Tax Court of jurisdiction following docketing of the proceeding. *See id.* Although that may have been one purpose, it is not necessarily the only purpose as the language from the House Report above quoted indicates.

The chief problem that we see with appellant's position, however, is that under it if the IRS makes an assessment one day *before* the taxpayer initiates proceedings in the Tax Court, the statute would be tolled, as appellant concedes, but if the IRS makes the assessment one day *after* (or, as here, when a taxpayer fails to file a bond pending appellate review of a Tax Court decision), the IRS would get no tolling benefit. This would seem to us inconsistent, nay, eccentric, a result which we are not lightly to assume Congress intended. *See J. C. Penney Co. v. Commissioner,* 312 F.2d 65, 68 (2d Cir. 1962) (Friendly, J.). Moreover, if as appellant asserts the pre-assessment proceeding did not toll the collection period of limitations, nothing would toll it; and the IRS would be forced, in every case where the Commissioner has made a jeopardy assessment after the taxpayer files in the Tax Court or where the taxpayer fails to file a bond pending review of the Tax Court decision, to institute collection proceedings while proceedings to review the deficiency determination were under way if these proceedings began to approach the end of the six-year collection period. We refuse to require a collection procedure so detrimental to the taxpayer and possibly so futile as well.

True, the IRS does make a choice when it makes an assessment, but why the IRS should be burdened because of such a choice is not clear. The tax collecting agency is not to be dealt with on the basis of its hidden choices or intentions.

Like many other tax statutes, the one here in question is slightly ambiguous, rather amazingly presenting a case of first impression after over forty years of administration. The plain language of the statute points against the taxpayer; and nothing to which she refers us in the legislative history, logic, or otherwise compels us to her result. The equities of the case are not before us; and even if they were, as might be suspected they would be somewhat conflicting. We can do little to improve upon Judge Ward's sensible opinion. We accordingly affirm the judgment below.