**UNITED STATES of America, Plaintiff,**

v.

**Joseph H. STEPHENS, Defendant.**

**No. C 83–2460 SAW.**

United States District Court,
N.D. California.

Aug. 18, 1983.

Jay R. Weill, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Joseph H. Stephens, in pro. per.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WEIGEL, District Judge.

The United States brings this action to enforce an Internal Revenue Service Notice of Levy and to recover certain property, plus statutory interest, from defendant Joseph H. Stephens, pursuant to 26 U.S.C. § 6332(c)(1).

On January 28, 1975, jeopardy assessments of taxes, interest, and penalties were made against Franklin L. McNulty in the amount of $112,195.17. On February 3, 1975, a tax lien in connection with the assessments was filed with the Recorder of Alameda County, California.

On April 18, 1975, a Notice of Levy in the amount of $113,839.86 was served upon defendant seeking property or rights to property owned by McNulty but in defendant's possession. On April 25, 1975, the IRS made final demand upon defendant to comply with the Notice of Levy and surrender the requested property. Defendant has yet to comply.

On May 17, 1983, the United States commenced this action. On July 14, 1983, defendant moved to dismiss.

26 U.S.C. § 6332(c)(1) states, in pertinent part, that "[a]ny person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, . . . together with costs and interest on such sum at an annual rate established under Section 6621 . . . ." There is no question that the Government has served Notice of Levy and final demand upon defendant. This action seeks to enforce that levy and demand pursuant to § 6332(c)(1).

However, defendant claims that because this suit was initiated over eight years after he was served with Notice of Levy, dismissal is appropriate under a six year statute of limitations contained in 26 U.S.C. § 6502. The claim is groundless. It has long been held that there are only two defenses to a Government suit under § 6332: that the person levied upon does not possess the delinquent taxpayer's property, and/or that the property is subject to a prior judicial attachment or execution. *See Bank of Nevada v. United States,* 251 F.2d 820 (9th Cir.1957), *cert. denied,* 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813 (1958); *United States v. Montchanin Mills, Inc.,* 512 F.Supp. 1192 (D.Del.1981); *United States v. Trans World Bank,* 382 F.Supp. 1100 (C.D. Cal.1974). Moreover, there is no limitation period on an action to enforce a timely levy under § 6332(c). *United States v. Weintraub,* 613 F.2d 612, 621 (6th Cir.1979), *cert.*

*denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1979). The serving of Notice of Levy upon defendant in 1975 put the requested property in the constructive possession of the United States. *See Phelps v. United States,* 421 U.S. 330, 337, 95 S.Ct. 1728, 1732, 44 L.Ed.2d 201 (1975). Once the property was there, the Government could bring an action at any time to reduce it to the Government's actual possession. *Weintraub,* 613 F.2d at 621–22.

■ Defendant also asserts that this action is time barred by 28 U.S.C. § 2462, which provides that "an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued . . . ." Since this is not an action for the enforcement of a civil fine, penalty, or forfeiture, § 2462 is inapplicable. *See United States v. Marine Midland Bank,* 544 F.Supp. 268 (W.D.N.Y. 1982). *See also Pacific Coast Steel Co. v. McLaughlin,* 61 F.2d 73 (9th Cir.1932), *aff'd,* 288 U.S. 426, 53 S.Ct. 422, 77 L.Ed. 873 (1933); *United States v. Fine,* 243 F.Supp. 785 (S.D.N.Y.1965).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is denied.