William S. BAGLIVO, Isabella Baglivo, and Central-Penn National Bank, Joseph F. Gelletich and Donald W. Lehrkinder, co-guardians for Estate of William S. Baglivo, an Incompetent, Plaintiffs,

v.

The COMMISSIONER OF INTERNAL REVENUE, and the District Director of Internal Revenue, for Philadelphia, Pennsylvania, Defendants.

Civ. A. No. 33576.

United States District Court
E. D. Pennsylvania.

Aug. 5, 1964.

Donald M. Collins, Oliver, Macartney & Collins, Media, Pa., for plaintiffs.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., Stephen G. Fuerth, Tax Section, Civ. Div., Dept. of Justice, Washington, D. C., for defendants.

KIRKPATRICK, District Judge.

This is a motion to dismiss a complaint which asks this court to vacate a decision of the Tax Court, order a new trial, and restrain proceedings to collect the taxes found due. The facts set out in the complaint are as follows:

Statutory notices of deficiency for the years 1947 through 1953 and 1956 through 1958 were sent to the taxpayers, Dr. William S. Baglivo and his wife, Isabella. They filed petitions with the Tax Court for redetermination of the deficiencies, and that court, on February 14, 1961, and May 25, 1962, rendered decisions in favor of the Commissioner for substantially the amount of the deficiencies. No petition for review of those decisions has been filed by any of the plaintiffs although the statutory period allowed for such petitions has long since expired, and the decisions became final * more than two years ago.

On October 1, 1962, Dr. Baglivo was adjudicated an incompetent. For the purposes of this motion, it must be accepted that he is and was, from sometime prior to the sending of the first no-

* 26 U.S.C. § 7481(1).

tice of deficiency, mentally ill, that at the time of the proceedings in the Tax Court (in which he was unrepresented by counsel) he was, by reason of his mental condition, unable to present an adequate defense, that since 1958 he has been without legal counsel, and that throughout the whole period his wife was under his complete control.

On May 31, 1963, the same day on which they began this action, the taxpayers and the guardians of the estate of Dr. Baglivo filed with the Tax Court motions to vacate its decision of February 14, 1961, and for a new trial. The Tax Court dismissed those motions on February 27, 1964. A petition for review of such dismissals is now pending before the Court of Appeals for the Third Circuit.

In this action the parties plaintiff and the facts upon which relief is sought are the same as in the motions filed in the Tax Court. The relief asked for is (1) that the decisions of the Tax Court against the taxpayers be set aside and vacated and new trials in the Tax Court be granted, (2) that an injunction to restrain levy for and collection of any part of the taxes in question issue, and (3) that the notices of deficiency be set aside.

■ The plight of these plaintiffs as disclosed by this complaint does seem to call for a remedy, but I have been unable to find any legal basis upon which this action can be sustained.

■ If either this court or the Tax Court were common law courts of general jurisdiction, it is possible that some relief might be obtained. Both, however, are courts of limited jurisdiction whose powers are circumscribed by statutes of the United States. An illuminating review of the statutes defining the power of the court in a situation like that presented here is to be found in an opinion of this Court by Judge Freedman handed down June 30, 1964 (Quinn, Executor of Thompson v. Hook, District Director, D.C., 231 F.Supp. 718). The facts of that case are almost identical

with the case now before the court. The opinion points out that neither Section 1340 nor 2410 of Title 28 U.S.C. confer jurisdiction upon the District Court to entertain such a suit, with which I fully agree.

The remedy by injunction to restrain the collection of the taxes is barred by Section 7421 of the Internal Revenue Code of 1954. The complaint contains no allegations which would bring this case within the exception carved out of this statute in the case of Miller v. Standard Nut Margarine Co. of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. In the case of Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, the Court said of this exception,

"Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund."

The allegations of the complaint concerning the insanity of Dr. Baglivo and his domination of his wife, without more, fall far short of meeting this standard. There is not even an allegation that, given an opportunity to defend, the plaintiffs could establish that the taxes were not due.

■■ In addition to the prayer for an injunction the plaintiffs ask that the decision of the Tax Court be set aside and a new trial granted. This court cannot in the nature of things grant a new trial in another court, and it has no jurisdiction to review or set aside a decision of the Tax Court, the review of whose decisions has been committed exclusively to the Courts of Appeals by Section 7482 of the Internal Revenue Code. It can set aside an assessment,

and then only where the taxpayer pays the tax and sues in this court for a refund. Whether or not, in view of Dr. Baglivo's mental condition, the election of remedies made by the taxpayers when they petitioned the Tax Court for a redetermination of the deficiency was valid and binding upon them, the fact remains that the tax was not paid and this is not a suit for a refund. See 26 U.S.C. § 6512(a).

The plaintiffs also ask this court to set aside the notices of deficiency. These notices were sent out by the District Director in pursuance of his authority, and there is no allegation that he was aware of the insanity of the plaintiff or of his domination of his wife when these notices were sent out or, for that matter, of any bad faith on the part of the Commissioner throughout the entire proceeding. No authority has been cited to the court which would justify such action in any event. At best, the notices of deficiency were merely equivalent to a summons.

The defendants' motion is granted and the complaint may be dismissed.