**UNITED STATES of America**

v.

**James A. ASHTON**

**Civ. A. No. 86–2386.**

United States District Court,
W.D. Pennsylvania.

Aug. 17, 1987.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., for the U.S.

Robert O. Lampl, Pittsburgh, Pa., for Ashton.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

The United States brings this action against James A. Ashton to reduce federal tax assessments for the years 1968, 1969, 1970, 1972, 1980 and 1981 to judgment. Before the Court is the Government's motion for summary judgment. For the reasons set forth, the motion will be granted.

After receiving notices of deficiency for the years 1968, 1969, 1970 and 1972, Ashton commenced two cases in Tax Court. The Internal Revenue Service (IRS) was statutorily barred from making assessments against Ashton during the pendency of the Tax Court cases. Because the IRS was barred from making assessments, the three year statute of limitations on assessments was suspended during the pendency of the Tax Court cases and for sixty days thereafter.

On September 9, 1980 the parties stipulated to the entry of decisions against Ashton in the Tax Court cases and further, Ashton waived the statutory prohibition against the IRS making assessments during the pendency of the cases.

On September 25, 1980 the Tax Court entered the decisions against Ashton.

On November 10, 1980 the IRS made assessments against Ashton for the years 1968, 1969, 1970 and 1972.

On November 7, 1986 this action was commenced.

Ashton first contends the assessments for the years 1968, 1969, 1970 and 1972 were not timely made within the statutory limitations period and that suit based on these assessments was not timely filed within the statutory limitations period.

26 U.S.C. § 6501 provides that taxes are to be assessed by the IRS within three years after the applicable return is filed. 26 U.S.C. § 6213(a) prohibits the IRS from making assessments during the pendency of Tax Court cases, and 26 U.S.C. § 6503 suspends the statute of limitations during the pendency of Tax Court cases and for 60 days thereafter. 26 U.S.C. § 6502 requires that a collection suit be brought within six years of a timely assessment.

Ashton's position, as the Court understands it, is that the sixty day period during which the statute of limitations was suspended, and assessments could therefore be made, commenced September 9, 1980, the first date the IRS could, by stipulation of the parties, make the assessments, and expired November 9, 1980, one day before the assessments were in fact made. Because the assessments were not timely made, Ashton contends this action was also not timely filed.

Assuming the parties intended the sixty day period during which the statute of limitations was suspended, and the assessments in question could be made, to commence the date the stipulation was entered into, as Ashton contends, the 60th day, November 8, 1980, fell on a Saturday and making the assessments the following Monday was timely under 26 U.S.C. § 7503. For this reason, the assessments for the years 1968, 1969, 1970 and 1972 were timely made on November 10, 1980 and this action was timely commenced on November 7, 1986.

Ashton next contends the stipulations for entry of decisions against him in the Tax Court were null and void because of coercion and duress of Government agents, and Ashton's diminished capacity due to acute alcoholism. To support this contention, Ashton refers to his answer.

Fed.R.Civ.P. 56(e) provides for the entry of summary judgment, if appropriate, against a non-moving party if the non-moving party rests on his pleadings alone without submitting evidentiary materials showing an issue of fact. Ashton's reliance on his answer is insufficient to raise a factual issue to preclude the grant of summary judgment against him. Moreover, even if Ashton had submitted evidentiary materials raising a factual issue as to the effect of the stipulations, decisions of the Tax Court are not subject to collateral attack. *Quinn v. Hook,* 231 F.Supp. 718, 723–724 (E.D.Pa.1964), *aff'd,* 341 F.2d 920 (3d Cir.1965); *Baglivo v. Commissioner,* 235 F.Supp. 493, 494 (E.D.Pa.1964).

An appropriate order will be entered.

### ORDER

AND NOW August 17, 1987 in accordance with the foregoing memorandum opinion, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is granted and that judgment is entered for plaintiff and against defendant in the amount of $1,328,419.09, plus interest thereon from April 1, 1987, as set forth in 26 U.S.C. § 6601.