UNITED STATES of America, Plaintiff,

v.

Daniel DE CICCO, d/b/a Valentino Blouse Co., Countess Blouse, Inc., Suzette Blouse Co., Inc., and Charles Kreindler, As Financial Secretary of Blouse & Waistmakers' Union, Local 25, I.L.G. W.U., Defendants.

United States District Court
S. D. New York.
Jan. 30, 1959.

Arthur H. Christy, U. S. Atty., New York City, for plaintiff, Nicholas Tsoucalas, New York City, of counsel.

Frank Aronsky, New York City, for defendant Suzette Blouse Co., Inc.

Muhlstock & Blei, New York City, for defendant Countess Blouse, Inc.

Lieberman, Katz & Aronson, New York City, for defendant Charles Kreindler, as Financial Secretary of Blouse & Waistmakers' Union, Local 25, I.L.G. W.U.

BICKS, District Judge.

The issue presented on this motion for summary judgment is whether defendants Countess Blouse, Inc., and Suzette Blouse Co., Inc. should be required to pay over to the United States Government the amounts of their indebtednesses to the taxpayer, defendant Daniel De Cicco, $806.00 and $447.26 respectively. It is conceded that such amounts were owing to the taxpayer on the date the United States Government caused notices of levy to be served on them.

De Cicco had defaulted in discharging his tax liabilities and the District Director of Internal Revenue thereupon caused proceedings for the collection thereof to be taken which duly eventuated in service of the notices of levy.

The motion is resisted by defendants Countess and Suzette on the ground that pursuant to a collective bargaining agreement, to which as members of the National Association of Blouse Manufacturers they were parties, they paid

to the Union representing the defaulting taxpayer's employees amounts at least equal to their indebtednesses to the taxpayer. That agreement, in pertinent part, provided:

"Should a contractor fail to meet the payroll due to the workers, then notice of said failure to pay shall be given to the member of the Association, for whom the contractor worked, within three (3) days after the payroll became due, and the payroll is then to be paid by the members of the Association to the workers."

As counsel for the Union correctly points out the quoted provision creates a liability completely independent of, and in no way contingent upon, the existence of any indebtedness to the taxpayer. Since payment was made subsequent to service of the notices of levy we do not reach the question whether *inter se* said payment could not be availed of as a off-set.

26 U.S.C.A. § 6332(a) [1] obligated the debtors to surrender to the Government property in their possession belonging to the taxpayer on the date of levy. The defendants cannot bring themselves within the exceptions recognized by the statute, i. e. property which is, at the time of the demand, "subject to an attachment or execution under any judicial process" and we are not at liberty to create an exception for inchoate contract claims to accommodate these defendants.[2]

Summary judgment is, therefore, granted against defendant Countess Blouse, Inc. in the sum of $806 and against the defendant Suzette Blouse Co. Inc., in the sum of $447.26 in each instance together with costs and interest at the rate of 6 per cent per annum to be computed from the date of levy, May 12, 1958.[3]

The Union was joined as a defendant on the ground that it "claims a right or lien to the sums held by" Countess and Suzette. The affidavit submitted by the Union's financial secretary indicates that it does not now and never has asserted any claim, right or lien to the funds in the possession of Countess or Suzette belonging to the taxpayer. The complaint will, therefore, be dismissed as against it.

So ordered.

---

1. "Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."

2. It is interesting to note that on the hearing before the Impartial Chairman under the collective bargaining agreement, Countess contended that it was not liable to the Union because of the service of the notice of levy upon it.

3. 26 U.S.C.A. § 6332(b): "Any person who fails or refuses to surrender as required by subsection (a) any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy."