Thurman Agee STEPHENS, etc., et al., Plaintiffs,

v.

BALKAMP, INC., et al., Defendants.

No. CIV–4–75–14.

United States District Court,
E. D. Tennessee,
Winchester Division.

June 17, 1975 and October 10, 1975.

Donald J. Ray, Tullahoma, Tenn., for plaintiffs.

Ben L. Lynch, Winchester, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed diversity action. 28 U.S.C. §§ 1332(a)(1), (c), 1441(a). Before any responsive pleading was served herein, the plaintiffs moved to amend their complaint. Rule 15(a), Federal Rules of Civil Procedure.

■ One purport of such amendment was to change the name of the defendant Balkaman, Inc. to "Balkamp, Inc." Since such amendment relates to the correction of a misnomer, same hereby is ALLOWED and relates back to the date of the original pleading. *Cf. Ray McKeever, Et Al.*, plaintiffs, v. *Lee Hassa Raines, Etc.*, defendant, no. CIV-2-74-105, memorandum opinion and order of November 18, 1974.

■ The defendants Balkamp, Inc. and Mr. James K. Karnes objected to the further purport of such amendment, which would change the name of the defendant John Doe to "James K. Karnes". Their contention is that the applicable statute of limitation, T.C.A. § 28-304,[1] has been allowed to run against the plaintiffs' claim against them for damages for injuries to the person, and that the allowance of such facet of the amendment would amount to a changing of parties without compliance with Rule 15(c), Federal Rules of Civil Procedure.[2]

The objection thus voiced is well taken. An amendment which would change a named defendant from John Doe to "James K. Karnes" is more than the mere correction of a misnomer and must have complied with the second sentence of Rule 15(c), *supra*. *Craig v. United States*, C.A. 9th (1969), 413 F.2d 854, 856-857[1], certiorari denied (1969), 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451. The record herein reflects, *inter alia*:

1. Mr. James K. Karnes has never been served with process.

2. The only defendant served with process herein was the defendant B. D. Herbert Company, that being by substituted service of process through the Tennessee secretary of state.

3. The Tennessee secretary of state received copies of the summons and complaint for service upon the defendant B. D. Herbert Company two days after the applicable statute of limitation had run.

4. Mr. James K. Karnes received no notice of the commencement of this action against him until March 21, 1975, when service of the aforementioned motion to amend the complaint was had upon him.

5. The plaintiffs made no showing that Mr. Karnes received notice of the institution of this action against him within the period provided by law for commencing this action against him, other than

1. " * * * Actions * * * for injuries to the person * * * shall be commenced within one (1) year after the cause of action accrued. * * *" T.C.A. § 28-304.

2. " * * * Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * *" Rule 15(c), Federal Rules of Civil Procedure.

showing that the complaint herein was filed on January 30, 1975.

Accordingly, the amendment proposing, that the named defendant John Doe be changed to James K. Karnes, cannot relate back to the date of the original pleading. The fact that Mr. Karnes may have had notice of the incident out of which this action arose is insufficient notice within the meaning of the applicable Rule. " * * * '[A]ction', as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit. The relevant words are 'notice of the institution of the action.' A lawsuit is instituted; an incident is not. * * *" *Ibid.*, 413 F.2d at 858[2].

In so far as such amendment would change the name of one defendant from John Doe to James K. Karnes, same hereby is DISALLOWED, and the action as it relates to the defendant John Doe hereby is DISMISSED *sua sponte*, as barred by the applicable limiting statute. The plaintiffs' motion, in so far as it substitutes a new paragraph for paragraph 2 of the complaint herein is allowable as a matter of course without action by the Court. Rule 15(a), Federal Rules of Civil Procedure.

## MEMORANDUM AND ORDER

### ON EXCEPTION TO PRETRIAL ORDER

The plaintiffs except to II(a) of the pretrial order of September 25, 1975 herein and seek leave of the Court to amend their claim, so as to advance claims on the theories of the last clear chance and the doctrine of discovered peril, and to strike any reference to the alleged contributory negligence of the minor plaintiffs Jimmy Stephens and Phillip Stephens. There is no merit to the exception.

The defendant claims contributory negligence on the part of the adult plaintiff but does not claim that either minor plaintiff was guilty of contributory negligence. Neither has the defendant claimed any factual circumstances which would support a claim that any contributory negligence of the adult plaintiff is imputable to either such minor plaintiff.

Although the defendant claims that the adult plaintiff was negligent contributorily, the adult plaintiff does not admit that he was negligent. Reliance upon either the doctrine of the last clear chance and the doctrine of discovered peril " * * * admits of negligence on the part of the plaintiff. If the plaintiff is not guilty of some degree of negligence in placing himself in the perilous position, neither doctrine would be applicable. * * *" *Smith v. Craig*, C.A. Tenn. (1972), 484 S.W.2d 549, 552[2], certiorari denied (1972). As the plaintiffs contend that Mr. Stephens was free of negligence, they are not in position to claim the defendant is liable to them under the proposed theories.

For such reason, the exception of August 20, 1975 of the plaintiffs hereby is

DENIED.