UNITED STATES of America, Plaintiff,

v.

MONTCHANIN MILLS, INC., Defendant.

Civ. A. No. 80–539.

United States District Court,
D. Delaware.

April 30, 1981.

has alleged lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. This Court has jurisdiction under 28 U.S.C. §§ 1340 and 1345.

Defendant's first three allegations are based on plaintiff's failure to name Montchanin Mills, Inc., the party upon which the levy was served, rather than Montchanin Mills, a geographical location, as the defendant. Defendant has acknowledged that amendment of the complaint to correct the defect would nullify these allegations. Both Rule 15(a) and Rule 21, F.R.Civ.P., have been held applicable where a party seeks to add or subtract parties to an action. *See, e. g., McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872–873 (5th Cir. 1976), *vacated in part on other grounds*, 545 F.2d 919 (1977) (Rule 15); *United States v. Sinclair*, 347 F.Supp. 1129, 1135–1136 (D.Del.1972) (Rule 21). *See generally* 3A *Moore's Federal Practice* ¶ 21.- 04[1]. Both rules permit such amendment of the complaint, and the only conflict arises over the question of whether a court order is required. *Gibbs v. Titelman*, 369 F.Supp. 38 (E.D.Pa.1973), *rev'd on other grounds*, 502 F.2d 1107 (3d Cir.), *cert. denied, Gibbs v. Garver*, 419 U.S. 1039, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).

■ In this case, however, the plaintiff simply failed to include the designation of incorporation in naming the defendant although at points in the body of the complaint the defendant was properly designated, the levy was served on the properly-named defendant, and the complaint was properly served on the corporation. Such a case is one of misnomer rather than of addition of new parties or subtraction of old ones. *See Stephens v. Balkamp, Inc.*, 70 F.R.D. 49 (E.D.Tenn.1975). As such, it is clearly governed by Rule 15(a). *Id.* Rule 15(a) permits amendment of the complaint as a matter of course prior to service of a responsive pleading; since the defendant has not filed an answer, but only the motion to dismiss, it has not filed a responsive pleading. Plaintiff therefore could have

John X. Denney, Jr., Asst. U. S. Atty., Wilmington, Del., Gregory S. Hrebiniak, Trial Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Donald W. Booker, Wilmington, Del., for defendant.

## OPINION

CALEB M. WRIGHT, · Senior District Judge.

In December 1979 and January 1980, the Internal Revenue Service levied on property or rights to property of the taxpayer Retrospect, Inc. The notices of levy were served on the defendant who was believed to be in possession of such property. When defendant failed to surrender the property, plaintiff filed this suit to enforce the levy, pursuant to §§ 6332, 7401 and 7402 of the Internal Revenue Code, 26 U.S.C. §§ 6332, 7401 and 7402. This case is now before the Court on defendant's motion to dismiss under Rule 12(b), F.R.Civ.P. The defendant

amended without leave of court. *Kelly v. Delaware River Joint Commission*, 187 F.2d 93 (3d Cir.), *cert. denied*, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951); *Gipson v. Township of Bass River*, 82 F.R.D. 122 (D.N.J.1979); *Drennon v. Philadelphia General Hospital*, 428 F.Supp. 809 (E.D.Pa. 1977). For this reason, the Court has granted plaintiff's subsequent motion to file an amended complaint, and defendant's motion to dismiss on the grounds of lack of personal jurisdiction and failure of process is denied.

Defendant's second basis for his motion to dismiss, *i. e.*, failure to state a claim upon which relief can be granted, also fails. Plaintiff brought this suit after making a levy upon property or rights to property of taxpayer Retrospect, Inc., then held by Montchanin Mills, Inc. Defendant, claiming that it held no property belonging to the taxpayer, refused to surrender the funds which plaintiff believes defendant owes Retrospect, Inc. Defendant continues to deny possession of any property of Retrospect, Inc., and asserts that an action to enforce a levy requires a prior legal determination that the property belongs to the taxpayer. Defendant also asserts that a determination of property rights between citizens of the same state is a power reserved to the states under the Tenth Amendment to the United States Constitution; thus, defendant argues, such a determination by this Court would be neither

necessary nor appropriate under 26 U.S.C. § 7402 which gives this Court jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Defendant concludes that this action will deprive it of property without the due process of law guaranteed by the Fifth Amendment.

■ Defendant's arguments are at best confused. It is well-established that plaintiff has the right to levy upon a taxpayer's property without providing the taxpayer with a prior judicial hearing. *United States v. Heck*, 499 F.2d 778 (9th Cir.), *cert. denied, Mitzner v. United States*, 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974). Where the party in possession of this property has failed or refused, to surrender the property, the plaintiff can sue under 26 U.S.C. § 6332. Section 6332(a) requires the defendant to comply with the levy, and § 6332(c) provides for enforcement of this requirement.[1] The only defenses to § 6332(a) are that the property was subject to an attachment or execution under judicial process at the time the levy was served, or that the defendant did not hold any property or rights to property of the taxpayer at the time of the levy. *United States v. Commonwealth of Pa., Dept. of Highways*, 349 F.Supp. 1370 (E.D.Pa.1972); *United States v. New England Merchants*

---

1. The relevant portions of § 6332 read as follows:

(a) REQUIREMENT.—Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(c) ENFORCEMENT OF LEVY.—

(1) Extent of Personal Liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights

not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at an annual rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(e) PERSON DEFINED.—The term "person," as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation. . . .

National Bank, 465 F.Supp. 83 (D.Mass. 1979); United States v. Trans-World Bank, 382 F.Supp. 1100 (C.D.Calif.1974); United States v. DeCicco, 170 F.Supp. 394 (S.D.N. Y.1959). The statute provides that plaintiff may sue persons other than the taxpayer to enforce a levy upon the taxpayer's property, and the courts have allowed such actions. See United States v. Sullivan, 333 F.2d 100 (3d Cir. 1964); United States v. Equitable Life Assurance Co. of U.S., 442 F.Supp. 500 (S.D.N.Y.1977); and above-cited cases. Thus, the question of non-ownership by the taxpayer is precisely the question to be decided in this action, and defendant will carry "the burden of showing non-ownership by the taxpayer as a defense because the purpose of the statute is a coercive one which seeks to foster swift tender of property which has been levied upon." Flores v. United States, 551 F.2d 1169, 1174 (9th Cir. 1977).

Defendant relies on the due process requirements specified by Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), without noting that the Supreme Court there recognized the unusual nature of plaintiff's power summarily to seize property in order to collect the internal revenue of the United States and held that postponement of notice and opportunity for a hearing were justified in such a case. In fact, because funds held by defendant are not identifiable on their face as the property of the taxpayer, defendant will receive a hearing on his claim of ownership.

Finally, defendant's claim of property rights will be judged by state law, Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960), but defendant has no absolute right to have this issue tried in state court. This determination of ownership is necessary for the enforcement of the internal revenue laws, over which this Court has jurisdiction under 28 U.S.C. §§ 1340 and 1345, and thus may be rendered by this Court pursuant to 26 U.S.C. § 7402. Title 26 U.S.C. §§ 6332, 7401 and 7402 authorize this cause of action ·in this Court, and defendant has not established that plaintiff has failed to state a claim upon which relief can be granted.

For the foregoing reasons, defendant's motion to dismiss is denied.