**James Robert (Bobby) HANKINS, Jr.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. EC 74–38–S.**

United States District Court,
N. D. Mississippi, E. D.

Sept. 24, 1975.

Fred M. Bush, III, Tupelo, Miss., for plaintiff.

H. M. Ray, U. S. Atty., William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., and Jack Warren, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action has been submitted for a decision on the merits on a stipulation of facts and memoranda of counsel.

It is not necessary for an understanding of the court's decision to elaborate on the facts which give rise to the litigation. A short statement will suffice.

Plaintiff, during 1967, 1968, 1969 and 1970, systematically embezzled funds of his employer, the Maben Home Bank, Maben, Mississippi. The embezzlements were discovered in 1970. During 1970, plaintiff repaid to the bank a portion of the embezzled funds. The balance was repaid in 1971.

In his 1970 federal individual income tax return, the plaintiff reported as income the funds embezzled by him during 1970 and undertook to deduct as an item of expense the money which he paid back the bank during that year. As a result, a net operating loss of $36,480.27 was indicated on the return.

In his 1971 return, plaintiff deducted as an item of expense the amount he paid back to the bank during that year. Thus a net operating loss of $18,186.72 was indicated on the return.

In 1971, plaintiff filed amended tax returns for the years 1967, 1968 and 1969. Plaintiff reported as income the funds embezzled by him from the bank in each of the years.

In 1971, in filing his 1970 return, plaintiff included an application for a tentative net operating loss carryback from 1970 to the years 1967 and 1968. This application was tentatively approved by the Internal Revenue Service.

In 1972, in filing the 1971 return, plaintiff claimed an operating loss carryback to 1968. This claim was disallowed by the Internal Revenue Service

on the ground that the claimed loss was not attributable to a trade or business.

In 1972, an agent of the Internal Revenue Service audited plaintiff's tax returns for 1967 and 1968. Based upon the audit, the Commissioner of Internal Revenue determined that the net operating loss carryback previously [but tentatively] allowed plaintiff, should have been disallowed. In 1973, based upon the aforementioned determination, the Internal Revenue Service sent plaintiff statutory notices of deficiencies amount to $2,251.46 for 1967; $6,568.25 for 1968; and $85.39 for 1970. Thereafter, the deficiencies with interest were assessed to and paid by plaintiff. Plaintiff then filed claims for refunds of the amounts paid by him. When the claims were administratively disallowed, plaintiff instituted this action for the recovery of the amounts paid for 1967 and 1968, aggregating the sum of $13,740.32.

Plaintiff argues that he was engaged in a trade or business when he embezzled his employer's funds in a regular and systematic manner. Such a finding, he asserts, will support his contention that the repayment of the funds stolen by him created a net operating loss in each of the years 1970 and 1971 because he was engaged in the operation of conduct of a trade or business which entitled him to the benefits of the carryback provisions of Section 172 of the Internal Revenue Code, 26 U.S.C.A. § 172, for the taxable years 1967 and 1968.

Plaintiff seeks to classify his activities as that of engaging in a systematic and regular embezzlement of funds. Such regular and systematic reduction of his employer's till by way of stealth, plaintiff contends, constituted an engagement in a trade or business.

On the other hand, defendant contends that the disallowance of plaintiff's claims by the Internal Revenue Service was proper because in embezzling the funds which he repaid to the Maben Home Bank in 1970 and 1971, plaintiff was not engaged in a trade or business as such is recognized by the Internal Revenue Code and the repayment made to the bank by plaintiff merely constituted restoration of funds to which plaintiff never had a rightful claim.

■ The Commissioner's assessment is presumed to be correct. To recover in this action, plaintiff has the burden of proving that the assessment is not correct or lawful. *Myers v. United States,* 345 F.Supp. 197 (N.D.Miss., 1972) aff'd per curiam, 469 F.2d 1393 (5th Cir. 1973).

■ The court agrees with defendant that plaintiff was not engaged in a trade or business when he undertook to rob the till of his employer. It follows, therefore, that plaintiff is not entitled to receive the benefits of the carryback provisions of the Internal Revenue Code. To hold otherwise would be unsound in the court's opinion.

■ In summary, the court holds the benefits of Section 172 are not available to plaintiff. The repayment of the funds constituted a restoration and not an expense or business loss in a tax sense. Additionally, as an embezzler, plaintiff never received his employer's funds under a claim of right and the benefits of Section 1341 of the Code (26 U.S.C.A. § 1341) are not available to him.

The clerk will enter a final judgment in favor of defendant.